# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2018

Lyle W. Cayce
Clerk

No. 17-50689
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID OROZCO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-1838-4

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

David Orozco appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute five grams or more of pure methamphetamine. Orozco argues that the plea agreement is invalid because it is procedurally and substantively unconscionable. In particular, he asserts that the plea agreement is procedurally unconscionable because the parties were in an unequal bargaining position during the plea negotiation process.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50689

He further contends that the plea agreement is substantively unconscionable because it is "grossly one sided." Orozco maintains that he gave up numerous important rights and received "very little, if anything" in return. He thus argues that the plea agreement's appellate waiver provision is unenforceable. Orozco also asserts that his 96-month, within-guidelines sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors.

Because Orozco did not challenge the validity of the plea agreement in the district court or attempt to withdraw his plea on grounds that the plea agreement was unconscionable, we review his claims under the plain error standard. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Our review of the plea agreement reveals no clear or obvious error with respect to Orozco's unconscionability arguments. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He offers no other challenge to the waiver's validity or its application. Thus, the waiver bars Orozco's challenge to the substantive reasonableness of his sentence.

Accordingly, the appeal is DISMISSED.